LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

LAW OFFICES OF GREGORY A. YATES
Gregory A. Yates (Bar No. 63259)
gyates@gregoryayates.net
16830 Ventura Boulevard, Suite 250
Encino, California 91436
Telephone: (310) 858-6944
Facsimile: (818) 905-7038

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ROCKY GLOVER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. False Arrest/False Imprisonment<br>6. Battery<br>7. Negligence<br>8. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

-1-

# COMPLAINT FOR DAMAGES

1. Plaintiff, NATHAN ROCKY GLOVER for his complaint against Defendants CITY OF LOS ANGELES, and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the police shooting of plaintiff, NATHAN ROCKY GLOVER.

## PARTIES

3. At all relevant times, NATHAN ROCKY GLOVER was an individual residing in County of Los Angeles, California.

4. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendant DOES 1-4, who were CITY police officers, DOES 5-6, who were CITY police officers' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, DOES 1-10 were residents of County of Los Angeles, California. DOES 1-10 are sued in their individual capacity for damages only.

5. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

6. At all relevant times, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY'S elected and non-elected officials.

-2-

COMPLAINT FOR DAMAGES

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

8. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. On June 1, 2021, Plaintiffs filed a claim for damages with CITY pursuant to applicable sections of the California Government Code.

11. On July 2, 2021, CITY rejected Plaintiff's claims for damages by letter.

## JURISDICTION AND VENUE

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. On or about March 19, 2021, Plaintiff was stopped at or near Ithaca and Haven Street in Los Angeles CA, when DOES 1-2 approached his vehicle causing Plaintiff to flee in his car out of fear.

16. At about Bullard and Chester, Plaintiff lost control of his vehicle and crashed.

17. Upon Plaintiff's exit from his vehicle, DOE 1 discharged his firearm at Plaintiff, striking him in his back.

18. At the time of the shooting Plaintiff posed no immediate threat of death or serious physical injury to either DOES 1-2 or any other person and there were other reasonable options available.

19. DOES 1-2 did not give Plaintiff a verbal warning that deadly force would be used prior to shooting him, despite it being feasible to do so.

20. Plaintiff never verbally threatened anyone prior to being shot by DOES 1-2.

21. On information and belief, DOES 1-2 had no information that Plaintiff had committed a felony and manufactured probable cause to stop and, later, shoot Plaintiff. Further, racial profiling was a significant factor in DOES 1-2's decision to detain Plaintiff. In other words, the color of Plaintiff's skin and being a 24 year old Hispanic kid, was a substantial factor in why DOES 1-2 detained Plaintiff to begin with.

22. After shooting Plaintiff, DOES 1-2 did not timely summon medical attention for Plaintiff, who was bleeding profusely and had obvious serious injuries, and DOES 1-2 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff.

23. After the shooting DOES 1-2 made false statements to investigators and CITY made false statements to the media in attempts to justify the shooting of an unarmed 24 year-old kid.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(Against Defendants DOES 1-2)

24. Plaintiff repeats and realleges each and every allegation in paragraph 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. Defendants DOES 1-2 caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26. As a result of the conduct of DOES 1-2, they are liable for Plaintiff's injuries because they were either integral participants to the violations of Plaintiff's rights or they failed to intervene to prevent these violations.

27. The Plaintiff was detained without reasonable suspicion and DOES 1-2 attempted to arrest Plaintiff without probable cause. Further, racial profiling was a significant factor in DOES 1-2's decision to detain Plaintiff. In other words, the color of Plaintiff's skin and being a 24 year old Hispanic kid, was a substantial factor in why DOES 1-2 detained Plaintiff to begin with.

28. The conduct of DOES 1-2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-2.

29. Accordingly, Defendants DOES 1-2, are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

30. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOES 1-2)

31. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32. DOES 1-2's unjustified shooting deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. The unreasonable use of force by Defendant DOES 1-2 deprived the Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. As a result, Plaintiff suffered extreme mental and physical pain and suffering, loss of enjoyment of life and of earning capacity.

35. As a result of the conduct of DOES 1-2, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

36. This use of deadly force was excessive and unreasonable under the circumstances, especially since Plaintiff did not pose an immediate threat of death or serious bodily injury and DOES 1-2 did not give Plaintiff a verbal warning that deadly force would be used prior to shooting him, despite it being feasible to do so and there were other reasonable options available. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

37. The conduct of DOES 1-2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-2.

38. Plaintiff also seeks attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOES 1-2)

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. The denial of medical care by Defendant Does 1-2 deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41. As a result, Plaintiff suffered extreme mental and physical pain and suffering and earning capacity.

42. Defendant Does 1-2 knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

43. After shooting Plaintiff multiple times, DOES 1-2 did not timely summon medical attention for Plaintiff, who was bleeding profusely and had obvious serious injuries, and DOES 1-2 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff.

44. The conduct of Does 1-2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Does 1-2.

45. Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 5-10 and CITY)

46. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. On information and belief Defendant DOES 1-2's shooting of Plaintiff, who was only 24 years old, who was not given a warning that deadly force would be used prior to the shooting, who was unarmed with his hands visibly empty at the time of the shooting, was found to be within CITY Police Department policy.

48. On information and belief Defendant DOES 1-2's shooting of Plaintiff, who was only 24 years old, who was not given a warning that deadly force would be used prior to the shooting, who was unarmed with his hands visibly empty at the time of the shooting, including shots to the back and shots from behind, was ratified by CITY Police Department supervisorial officers.

49. On information and belief Defendant Does 1-2 were not disciplined for shooting Plaintiff, who was only 24 years old, who was not given a warning that deadly force would be used prior to the shooting, who was unarmed with his hands visibly empty at the time of the shooting.

50. On and for some time prior to March 19, 2021 (and continuing to the present date) Defendants DOES 3-10, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable

position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a)    Employing and retaining as law enforcement officers and other personnel, including DOES 1-2, who Defendants DOES 3-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY police Department's policies, including the use of excessive force;

    (b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including DOES 1-2, who Defendants CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence, the use of excessive force and racial profiling;

    (c)    By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant DOES 1-2, who are officers of CITY;

    (d)    By failing to discipline CITY officers' conduct, including but not limited to, unlawful detention and excessive force;

    (e)    By ratifying the intentional misconduct of Defendant DOES 1-2, who are officers of CITY;

    (f)    By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, especially individuals of color, and by using excessive force, including

      deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 3-10, were done with a deliberate indifference to individuals' safety and rights; and

  (g) By failing to properly investigate claims of unlawful detention and excessive force by CITY officers.

51. By reason of the aforementioned policies and practices of Defendants DOES 3-10, Plaintiff was severely injured and subjected to pain and suffering and lost his life.

52. Defendants DOES 3-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

53. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 3-10, acted with an intentional, reckless, and callous disregard for the life of Plaintiff's constitutional rights.  Defendants DOES 3-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

54. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 3-10, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

55. Accordingly, Defendants DOES 3-10, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

56. Plaintiff also seeks attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California Common Law)**

(Against Defendant DOES 1-2 and CITY)

57. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58. Defendant DOES 1-2, while working as officers for CITY, and acting within the course and scope of their duties, intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendant DOES 1-2 also detained Plaintiff without reasonable suspicion. There was an attempt to arrest the Plaintiff without probable cause. Further, racial profiling was a significant factor in DOES 1-2's decision to detain Plaintiff. In other words, the color of Plaintiff's skin and being a 24 year old Hispanic kid, was a substantial factor in why DOES 1-2 detained Plaintiff to begin with.

59. The conduct of against Plaintiff by Defendant DOES 1-2 was a substantial factor in causing the harm of Plaintiff.

60. CITY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to Defendant Does 1-2.

### SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Against Defendant DOES 1-2 and CITY)

62. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63. DOES 1-2, while working as a officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot. As a result of the actions of DOES 1-2, Plaintiff suffered severe mental and physical pain and suffering, loss of enjoyment of life and lost earning capacity. DOES 1-2 had no legal justification for using force against Plaintiff and said defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since Plaintiff did not pose an imminent threat of death or bodily injury when he was shot in the back. Further, DOES 1-2 did not give Plaintiff a verbal warning that deadly force would be used prior to shooting him, despite it being feasible to do so. As a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.

64. CITY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65. The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to Defendant Does 1-2.

**SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Against All Defendants)

66. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately train employees, including DOES 1-2, with regards to the use of force, including deadly force;

    (b) the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Plaintiff;

    (c) the negligent tactics and handling of the situation with Plaintiff, including pre-shooting negligence;

    (d) the negligent detention, arrest, and use of force, including deadly force, against Plaintiff;

    (e) the failure to provide prompt medical care to Plaintiff;

    (f) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-2;

    (g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff; and

    (h) the negligent handling of evidence and witnesses.

68. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering and lost earning capacity. Also as a direct and proximate result

of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.

69. CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

70. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

72. Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

73. Defendant DOES 1-2 use of deadly force was excessive and unreasonable under the circumstances, especially since Plaintiff did not pose an immediate threat of death or serious bodily injury. Further, DOES 1-2 did not give Plaintiff a verbal warning that deadly force would be used prior to shooting him and there were other reasonable options available. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at * 6 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

74. The Plaintiff was detained without reasonable suspicion and DOES 1-2 attempted to arrest Plaintiff without probable cause. Further, racial profiling was a significant factor in DOES 1-2's decision to detain Plaintiff. In other words, the color of Plaintiff's skin and being a 24 year old Hispanic kid, was a substantial factor in why DOES 1-2 detained Plaintiff to begin with. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

75. DOES 1-2, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable force and intended to violate the Plaintiff's constitutional rights by acting with a reckless disregard for those rights.

76. On information and belief, Plaintiff reasonably believed that if he exercised his rights, including his civil rights, DOES 1-2 would commit acts involving violence, threats, coercion, or intimidation against him or his property.

77. On information and belief Defendant DOES 1-2 detained and injured Plaintiff to prevent him from exercising his rights or retaliated against Plaintiff for having exercised his rights.

78. Plaintiff was caused to suffer extreme mental and physical pain and suffering and of earning capacity.

79. The conduct of DOES 1-2 was a substantial factor in causing the harms, losses, injuries, and damages of Plaintiff.

80. CITY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

81. The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff entitling Plaintiff to an award of exemplary and punitive damages as to Defendant Does 1-2.

82. Plaintiff also seeks attorney fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants City of Los Angeles, and Does 1-10, inclusive, as follows:

A. For compensatory damages in excess of $10,000,000 under federal and state law, in the amount to be proven at trial;

B. For punitive damages against the individual defendants in an amount to be proven at trial;

C. For interest;

D. For reasonable costs of this suit and attorneys' fees; and

E. For such further other relief as the Court may deem just, proper, and appropriate.

F. For treble damages under Civil Code Section 52.1.

DATED: December 20, 2021        LAW OFFICES OF DALE K. GALIPO

    By____/s/ Dale K. Galipo_____
    Dale K. Galipo
    Attorneys for Plaintiff

DATED: December 20, 2021        LAW OFFICES OF GREGORY A. YATES

    By___/s/ Gregory A. Yates_____
    Gregory A. Yates
    Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: December 20, 2021      LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
Dale K. Galipo
Attorneys for Plaintiff

DATED: December 20, 2021      LAW OFFICES OF GREGORY A. YATES

By___/s/ Gregory A. Yates_____
Gregory A. Yates
Attorneys for Plaintiff