Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
CITY OF LOS ANGELES, ALEJANDRO HIGAREDA, and JUAN AGUILA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ROCKY GLOVER,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES; ALEJANDRO HIGAREDA; JUAN AGUILA; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 2:21-cv-09915-FWS-AS<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pretrial Conference:<br>Date: October 19, 2023<br>Time: 8:30 a.m.<br><br>Trial Date: October 31, 2023<br>Time: 8:30 a.m.<br><br>Judge: Hon. Fred W. Slaughter |

TO THE HONORABLE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

Pursuant to Local Rule 16-4, Defendants City of Los Angeles, Alejandro Higareda, and Juan Aguila (hereinafter "Defendants") hereby submit their Memorandum of Contentions of Fact and Law.

## I. <u>INTRODUCTION</u>

This lawsuit arises from the March 19, 2021, non-fatal officer-involved shooting of Plaintiff Nathan Glover ("Plaintiff") by Los Angeles Officer Alejandro Higareda after Plaintiff drove recklessly through a neighborhood, crashed into a

home, and pointed a gun at Officer Higareda and his partner Juan Aguila. The principal issue in this case is whether Officer Higareda's use of force against Plaintiff was objectively reasonable.

As a growing number of law enforcement agencies across the country adopt the use of body-worn cameras, a greater number of officer-involved shootings are captured in their entirety on body-worn cameras. In this case, the entirety of the Officer Defendants' interaction with Plaintiff was captured on their body worn cameras. Officers Alejandro Higareda and Juan Aguila ("Officer Defendants") came across Plaintiff's car parked in a red zone. They ran his license plate number and learned that the car was registered to Plaintiff. Officer Higareda had prior contacts with Plaintiff and knew he was a member of the El Sereno criminal street gang and advised Officer Aguila of Plaintiff's prior gun arrest. The Officer Defendants then attempted to conduct a traffic stop on Plaintiff. Before either officer could approach Plaintiff's car, Plaintiff reversed his car into the Officer Defendants' marked police car and fled. He drove recklessly through a residential neighborhood, reaching an excessive speed, blowing through stop signs, and veering into the oncoming lane before he crashed into a home. Officer Aguila immediately requested medical assistance. Plaintiff climbed out of his car and both Officers told him not to move. Instead of complying, Plaintiff pointed a semiautomatic gun towards Officer Higareda and then Officer Aguila while attempting to flee. Fearing for his life, Officer Higareda fired one shot which struck Plaintiff. The Officer Defendants again requested medical assistance multiple times. Plaintiff is now suing for various claims under section 1983 and state law and seeking compensatory and punitive damages.

## II.   CLAIMS AND DEFENSES

Pursuant to Local Rule 16-4.1, Defendants identify the claims and defenses in this action. Plaintiff filed his First Amended Complaint on February 10, 2022, alleging ten claims for relief: 1) Violation of 42 U.S.C. § 1983, Fourth Amendment

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4859-8006-4641 v1

2

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

Rights – Detention and Arrest; 2) Violation of 42 U.S.C. § 1983, Fourth Amendment Rights – Excessive Force; 3) Violation of 42 U.S.C. § 1983, Fourth Amendment Rights – Denial of Medical Care; 4) Violation of 42 U.S.C. § 1983, Municipal Liability for Unconstitutional Custom, Practice and/or Policy; 5) Violation of 42 U.S.C. § 1983, Municipal Liability for Ratification; 6) Violation of 42 U.S.C. § 1983, Municipal Liability for Failure to Train; 7) False Arrest/False Imprisonment; 8) Battery; 9) Negligence; 10) Violation of the Bane Act. See First Amended Complaint (Dkt. No. 9). Defendants filed their Answer to the First Amended Complaint on April 7, 2022, asserting, inter alia, the Officer Defendants' right to qualified immunity. See Answer (Dkt. No. 15) at p. 22.

### A. First Claim for Relief - Detention and Arrest, Pursuant to 42 U.S.C. § 1983, Against Officer Defendants.

#### 1. Elements.

To prevail on his Section 1983 Fourth Amendment – Detention claim against Officer Defendants, Plaintiff must establish that the Officers

- had a reasonable suspicion that Plaintiff was engaged in parking in a red zone in violation of California Vehicle Code Section 21458.
- the length and scope of the seizure was reasonable.

See Ninth Circuit Model Civil Jury Instruction 9.21.

To prevail on his Section 1983 Fourth Amendment – Arrest claim against Officer Defendants, Plaintiff must establish that he was arrested without probable cause. See Ninth Circuit Model Civil Jury Instructions 9.23.

#### 2. Key Evidence Opposing Claim.

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

3

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Department.

### B. Second Claim for Relief – Excessive Force, Pursuant to 42 U.S.C. § 1983, Against Officer Defendants.

#### 1. Elements.

To prevail on his Section 1983 Fourth Amendment claim against Officer Defendants, Plaintiff must establish that:

- The officer was acting under color of state law;
- Plaintiff was seized by the officer;
- The officer acted intentionally in shooting Plaintiff;
- The officer used excessive force in shooting Plaintiff; and
- Plaintiff was harmed as a result of the shooting.

See Ninth Circuit Manuel of Model Civil Jury Instruction 9.25.

The primary element in dispute in this litigation is whether Officer Higareda used excessive or unreasonable force in shooting Plaintiff. Plaintiff does not claim Officer Aguila used excessive force against him, but claims he is liable for Plaintiff's injuries because he was either an integral participant in the excessive force or because he failed to intervene. Model Civil Jury Instruction 9.25 explains that "[u]nder the Fourth Amendment, a police officer may use only such force as is 'objectively reasonable' under all of the circumstances." See Ninth Circuit Manuel of Model Civil Jury Instructions (2023). "[T]he reasonableness of a particular use of force" is to be judged "from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight." *Id*.

Model Civil Jury Instruction 9.25 identifies a minimum of 15 factors that a jury may consider in assessing whether the force used by an officer was objectively reasonable. *Id*. Five of those criteria are of particular importance in demonstrating that the force used by Officer Higareda was objectively reasonable.

First, a jury may consider "the nature of the crime or other circumstances known to the officer[s] at the time force was applied," which is factor (1) in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4859-8006-4641 v1

4

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

instruction 9.25. *Id*. Defendants will introduce evidence at the trial that a reasonable officer in Officer Higareda's position would have believed that Plaintiff had assaulted a police officer with a deadly weapon and driven recklessly.

Second, a jury may consider whether the decedent "posed an immediate threat to the safety of the officer(s) or to others," which is factor (2) in instruction 9.25. *Id*. Defendants will introduce evidence at trial that Plaintiff aimed his gun at Officer Higareda and then Officer Aguila, which resulted in Officer Higareda firing one shot in defense of his life and the life of his partner. Defendants will argue that the threat to the officers' safety was both immediate and of the most serious category possible.

Third, a jury may consider whether the plaintiff was "attempting to evade arrest by flight," which is factor (3) in instruction 9.25. *Id*. Defendants will introduce evidence at trial that Plaintiff led the Officer Defendants in a high speed chase and then attempted to flee on foot after he crashed his car into a house. Defendants will argue that because Plaintiff was attempting to flee with a gun in his hand, he posed a threat if allowed to escape.

Fourth, a jury may consider "the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period," which is factor (4) in instruction 9.25. *Id*. Defendants will introduce evidence at trial that Plaintiff's actions required an immediate decision and response from Officer Higareda, which supports a conclusion that Officer Higareda's actions were objectively reasonable.

Fifth, in evaluating whether the officer's use of force was objectively reasonable, a jury may consider "the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent," which is factor (10) in instruction 9.25. *Id*. Defendants will introduce evidence at trial this factor weighs heavily in favor of Officer Higareda in assessing the reasonableness of his use of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

5

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

force. Specifically, the evidence at trial will show that the lives of Officer Higareda, Aguila, and others in the neighborhood were at risk by Plaintiff's actions. Furthermore, the evidence at trial will show that the dangerous situation was solely created by Plaintiff.

### 2. Key Evidence Opposing Claim.

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

## C. Third Claim for Relief – Denial of Medical Care, Pursuant to 42 U.S.C. § 1983, Against Officer Defendants.

### 1. Elements

- the defendants knew or should have known of the plaintiff's immediate need for medical care;
- the defendants unreasonably delayed the plaintiff from obtaining needed medical care; and
- the delay was a cause of injury, damage, loss, harm, or death to the plaintiff.

*Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir. 1986); *Walker v. Fresno Police Dep't*, 249 F. App'x 525, 526 (9th Cir. 2007).

### 2. Key Evidence Opposing Claim.

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

6

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Department.

### D. Fourth Claim for Relief – Municipal Liability for Unconstitutional Custom, Practice, or Policy, Pursuant to 42 U.S.C. § 1983, Against the City of Los Angeles.

#### 1. Elements

- Officers Alejandro Higareda and Juan Aguila acted under color of state law;
- the act[s] of Officers Alejandro Higareda and Juan Aguila deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;
- Officers Alejandro Higareda and Juan Aguila acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant City of Los Angeles; and
- the defendant City of Los Angeles's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by Officers Alejandro Higareda and Juan Aguila; that is, the City of Los Angeles's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

See Ninth Circuit Model Civil Jury Instructions 9.5.

#### 2. Key Evidence Opposing Claim.

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

### E. Fifth Claim for Relief – Municipal Liability for Ratification, Pursuant to 42 U.S.C. § 1983, Against the City of Los Angeles.

#### 1. Elements

- Officers Alejandro Higareda and Juan Aguila acted under color of state law;
- the [act[s]][failure to act] of Officers Alejandro Higareda and Juan Aguila deprived the plaintiff of his particular rights under the United

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

7

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

States Constitution as explained in later instructions;

- [name of person the plaintiff alleges was a final policymaker] acted under color of state law;

- [name of final policymaker] had final policymaking authority from defendant City of Los Angeles concerning the [act[s]] [failure to act] of Officers Alejandro Higareda and Juan Aguila; and

- [name of final policymaker] ratified Officers Alejandro Higareda and Juan Aguila's [act[s] [failure to act], that is, [name of alleged final policymaker] knew of and specifically made a deliberate choice to approve Officers Alejandro Higareda and Juan Aguila's [act[s]] [failure to act] and the basis for it.

See Ninth Circuit Model Civil Jury Instructions 9.7.

### 2. Key Evidence Opposing Claim.

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

### F. Sixth Claim for Relief – Municipal Liability for Failure to Train, Pursuant to 42 U.S.C. § 1983, Against the City of Los Angeles.

- the [act[s]] [failure to act] of Officers Alejandro Higareda and Juan Aguila deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

- Officers Alejandro Higareda and Juan Aguila acted under color of state law;

- the [training] policies of the defendant City of Los Angeles were not adequate to [prevent violations of law by its employees] [train its police officers to handle the usual and recurring situations with which they must deal];

- the defendant City of Los Angeles was deliberately indifferent to the [substantial risk that its policies were inadequate to prevent violations of law by its employees] [known or obvious consequences of its failure to train its police officers adequately]; and

- the failure of the defendant City of Los Angeles [to prevent violations of law by its employees] [to provide adequate training] caused the deprivation of the plaintiff's rights by Officers Alejandro Higareda and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4859-8006-4641 v1

8

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

Juan Aguila; that is, the defendants' failure [to prevent violations of law by its employees] [to train] played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

See Ninth Circuit Model Civil Jury Instructions 9.8.

### G. Seventh Claim for Relief for False Arrest/False Imprisonment Against Officer Defendants.

#### 1. Elements

- Officers Alejandro Higareda and Juan Aguila arrested Nathan Glover without a warrant and without probable cause;
- Nathan Glover was actually harmed; and
- Officers Alejandro Higareda and Juan Aguila's conduct was a substantial factor in causing Nathan Glover's harm.

See CACI 1401.

#### 2. Key Evidence Opposing Claim.

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

### H. Eighth Claim for Relief for Battery Against Officer Defendants.

#### 1. Elements

Under California state law, the plaintiff in a civil case has the burden of proving that a police officer used excessive force and thereby committed a battery. *Edson v. Anaheim*, 63 Cal.App.4th 1269, 1273 (1998) (prima facie battery is not established, unless and until plaintiff proves unreasonable force was used).

#### 2. Key Evidence Opposing Claim

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

9

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  Defendants will also introduce video of the incident, photographs of the scene, and
2  other records from the investigation conducted by the Los Angeles Police
3  Department.

### I. Ninth Claim for Relief for Negligence Against Officer Defendants.

#### 1. Elements

"The elements of a cause of action for negligence … are (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cty. of San Mateo*, 12 Cal.4th 913, 917 (1996).

#### 2. Key Evidence Opposing Claim

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

### J. Tenth Claim for Relief Under Civil Code § 52.1 Against Officer Defendants.

#### 1. Elements

A Bane Act claim has two elements: "A plaintiff must show

- intentional interference or attempted interference with a state or federal constitutional or legal right, and
- the interference or attempted interference was by threats, intimidation or coercion."
- The act of interference with a constitutional right must itself be deliberate or spiteful."

*Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015). *Shoyoye v. Cty. of Los Angeles*, 203 Cal.App.4th 947, 959 (2012).

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

10

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

### 2. Key Evidence Opposing Claim

Defendants will rely upon the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

### Affirmative Defense of Qualified Immunity.

#### 1. Elements.

Under the doctrine of qualified immunity, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014). The qualified immunity analysis consists of two prongs: (1) whether the facts the plaintiff alleges make out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc).

#### 2. Key Evidence Supporting Affirmative Defense.

Defendants will rely upon the following key evidence and testimony. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

### F. Affirmative Defense of Comparative Negligence.

Defendants contend that Plaintiff is comparatively negligent for any harm that he may have suffered.

#### 1. Elements.

Defendants claim that Plaintiff's own negligence contributed to his harm. To

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

11

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

establish Plaintiff was comparatively negligent, Defendants must prove: (1) that Plaintiff was negligent; and (2) that Plaintiff's negligence was a substantial factor in causing his harm. If Defendants prove the above, Plaintiff's damages are reduced by the jury's determination of the percentage of Plaintiff's responsibility. The Court will calculate the actual reduction. *See e.g. Pfeifer v. John Crane, Inc*. (2013) 220 Cal.App.4th 1270, 1285; *See also*, CACI 405.

### 2. **Key Evidence Supporting Affirmative Defense.**

Defendants will rely upon the following key evidence and testimony. Defendants will introduce the testimony of Officer Alejandro Higareda, Officer Juan Aguila, and police practices expert Edward T. Flosi, M.S. Defendants will also introduce video of the incident, photographs of the scene, and other records from the investigation conducted by the Los Angeles Police Department.

## G. **Anticipated Evidentiary Issues.**

Defendants filed five separate motions in limine.

## III. **BIFURCATION OF ISSUES.**

Defendants request that the issues of liability pertaining to constitutional claims against the individual defendants and state law claims and whether Plaintiff is entitled to punitive damages should be tried before evidence is presented, if necessary, as to damages and *Monell* liability. Defendants believe that bifurcation will best serve the interests of judicial economy and fairness to Defendants. The jury should first consider whether there is liability before hearing any evidence of alleged damages, which potentially are significant given Plaintiff's claimed injuries (which includes, amongst other things, paralysis from the waist down). Testimony as to damages, including emotional and psychological damages, has no bearing on whether Defendants used excessive force and will likely involve lengthy testimony from several experts, including medical experts and medical records. Additionally, trying the issue of punitive damage calculations separately avoids the presentation and questioning about Defendants' personal finances and net worth if the verdict is

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4859-8006-4641 v1

12

2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

for the defense. This too will help to expedite trial proceedings and will avoid unnecessarily invading the Officers' privacy. Separating liability and damages will also alleviate the potential for the jury to find liability simply because Plaintiff claims that he has sustained significant damages. Compensatory damages are not intertwined with liability, such that evidence of damages necessarily needs to be heard during the liability phase.

Similarly, trying the *Monell* claim at the same time as the underlying federal civil rights claims will waste judicial resources if time is spent is on issues related to *Monell* but the jury ultimately finds there was no underlying violation of Plaintiff's civil rights. Defendant City of Los Angeles will also be prejudiced at trial and the jury will likely be confused if Plaintiff's *Monell* claim is tried at the same time as his liability claims.

### IV. JURY TRIAL.

Pursuant to Local Rule 16-4.4, Defendants have requested a jury trial. Defendants estimate that trial will last five court days if the trial is not bifurcated. If the trial is bifurcated in the manner proposed by Defendants, the first phase of trial will last three court days.

DATED: September 28, 2023         BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*
    Charles E. Slyngstad
    Nathan A. Oyster
    Brian S. Ginter

Attorneys for Defendants
CITY OF LOS ANGELES, ALEJANDRO HIGAREDA, and JUAN AGUILA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4859-8006-4641 v1                 13                 2:21-cv-09915-FWS-AS
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW