Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Kyle Anne Piasecki (SBN 311961)
E-mail: kpiasecki@gmail.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendants
CITY OF LOS ANGELES, ALEJANDRO
HIGAREDA and JUAN AGUILA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ROCKY GLOVER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES; ALEJANDRO HIGAREDA; JUAN AGUILA; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-09915-FWS-AS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S PROFFER OF EXPERT WITNESS OPINIONS**<br><br>Trial Date:  November 7, 2023<br>Time:        8:30 a.m.<br><br>Judge:       Hon. Fred W. Slaughter |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4862-1561-9466 v1                                         1                           2:21-cv-09915-FWS-AS
                                                                DEFENDANTS' RESPONSE TO PLAINTIFF'S
                                                                PROFFER OF EXPERT WITNESS OPINIONS

1  Defendants CITY OF LOS ANGELES, ALEJANDRO HIGAREDA, and
2  JUAN AGUILA (hereinafter "Defendants") hereby offer Defendants' Response to
3  Plaintiff's Proffer of Expert Witness Opinions [Dkt. 87].

5  DATED: October 24, 2023          BURKE, WILLIAMS & SORENSEN, LLP

   By: */s/ Nathan A. Oyster*
          Charles E. Slyngstad
          Nathan A. Oyster
          Brian S. Ginter
   Attorneys for Defendants
   CITY OF LOS ANGELES, ALEJANDRO
   HIGAREDA. and JUAN AGUILA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4862-1561-9466 v1

2

2:21-cv-09915-FWS-AS
DEFENDANTS' RESPONSE TO PLAINTIFF'S
PROFFER OF EXPERT WITNESS OPINIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Rather than narrow the issues in dispute between the parties, Plaintiff's proffer of expert witness testimony from Dr. Kawai and Ms. Inouye has only widened the gap between the parties and raised new issues, as Plaintiff now seeks testimony from Dr. Kawai on an array of topics that were <u>not</u> contained in her Rule 26 expert report.

## II. RELEVANT PROCEDURAL HISTORY

### A. Dr. Kawai's Rule 26 Report And Deposition Testimony

In her Rule 26 report, Dr. Kawai prepared a life care plan, in which she opined regarding the future care needs for Plaintiff. As set forth in Defendants' Motion in Limine No. 4 [Dkt. 42], Dr. Kawai's analysis, including her opinions regarding the need for Personal Care Assistant services, were based on her mistaken belief that Plaintiff suffered from complete paraplegia.

### B. Ms. Inouye's Rule 26 Report And Deposition Testimony

In her Rule 26 report, Ms. Inouye opined that the present value of Plaintiff's future care totaled $19,948,400.00. *See* Dkt. 87-3 at page 7. Ms. Inouye further opined that the present value of Personal Care Assistant services for Plaintiff totaled $17,920,267.00. *See* Dkt. 87-3 at page 14, section 10. In the chart accompanying her report, Ms. Inouye calculated the cost for two Personal Care Assistant roles – Role No. 1 for 24 hours per day and Role No. 2 for 16 hours per day. *Id*.

Using basic arithmetic, Ms. Inouye's calculations reveal the following. First, in calculating the costs for 40 hours per day of Personal Care Assistant services, Ms. Inouye's calculations are based upon five shifts per day of eight hours each, which is calculated by dividing 40 by the number 8. Second, because Ms. Inouye opined that the present value of five shifts per day for the remainder of Plaintiff's life is $17,920,267.00, simple arithmetic shows that the present value of each shift amounts to $3,584,053.40. Again, this number is calculated by dividing the total

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4862-1561-9466 v1

1

2:21-cv-09915-FWS-AS
DEFENDANTS' RESPONSE TO PLAINTIFF'S
PROFFER OF EXPERT WITNESS OPINIONS

amount, which is premised upon five shifts per day, by the number 5.

Finally, comparing the present value for the Personal Care Assistant services ($17,920,267.00) to the total cost of the overall life care plan ($19,948,400.00) shows that 89.8% of the present value of the life care plan is allocated solely to the category of Personal Care Assistant services. Because roughly 90% of the cost of the life care plan is allocated to this one category, it is vital that Ms. Inouye's opinions and Dr. Kawai's opinions on this issue be reliable based upon the evidence in this case.

As explained in Defendants' Motion in Limine No. 4 [Dkt. 42], Dr. Kawai's belief that Plaintiff experienced complete paraplegia was mistaken and was the foundation for her belief that Plaintiff required 40 hours of Personal Care Assistance per day. As a result, Defendants filed Motion in Limine No. 5 to exclude Ms. Inouye's calculations regarding the Personal Care Assistant services issue. Dkt. 46.

### C. Scope Of Disagreement At Final Pretrial Conference

At the time of the Final Pretrial Conference, Defendants' position was that testimony relating to the Personal Care Assistant services issue from both Dr. Kawai and Ms. Inouye should be excluded. Additionally, Defendants raised the issue that Dr. Kawai would be unable offer any independent opinions regarding the issue of complete paraplegia vs. incomplete paraplegia, because she did not include any such independent opinion in her Rule 26 expert report or in her deposition testimony.

### D. Significant Expansion of Proposed Testimony From Dr. Kawai

In Plaintiff's proffered testimony, the scope of Dr. Kawai's proposed testimony has grown from her Rule 26 expert report and her deposition. As set forth below, Defendants object to multiple categories of proffered opinions on the basis that these opinions were not included in Dr. Kawai's Rule 26 expert report.

### III. DEFENDANTS' RESPONSE TO PROFFERED OPINIONS

#### A. Response To Proffered Opinions Of Dr. Kawai

Defendants respond to the 11 proffered opinions of Dr. Kawai as follows.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4862-1561-9466 v1

2

2:21-cv-09915-FWS-AS
DEFENDANTS' RESPONSE TO PLAINTIFF'S
PROFFER OF EXPERT WITNESS OPINIONS

With respect to Opinion 1 regarding a life care plan, Defendants object to any testimony regarding the Personal Care Assistance issue based on Dr. Kawai's significant mistake of fact, as she testified that the medical records reflected complete paraplegia, even though the medical records reflect *incomplete* paraplegia. Defendants do not object to testimony on the other aspects of the life care plan relating to Opinion 1.

With respect to Opinion 2 regarding Plaintiff's limitations, Defendants object on the basis that these opinions were not contained in Plaintiff's Rule 26 expert report.

Similarly, Opinion 3 regarding the bullet wound, bullet trajectory, and nature of the spinal injury is inadmissible as it was not offered in Plaintiff's Rule 26 expert report.

With respect to Opinion 4 regarding Plaintiff's restrictions in his daily life, this opinion is inadmissible because it was not contained in Plaintiff's Rule 26 expert report and any such opinion would be based upon Dr. Kawai's mistaken belief that Plaintiff is a complete paraplegic.

With respect to Opinion 5 regarding current and future diagnosis, as well as life expectancy, Defendants respond as follows.  Defendants do not object to Dr. Kawai's opinion regarding the future medical needs for Plaintiff, as that opinion is contained in the Rule 26 report; Defendants do object to any other testimony regarding current or future diagnosis.  Defendants do not object to testimony regarding life expectancy, but Defendants note that an array of factors are relevant to Plaintiff's pre-incident and post-incident life expectancy, including Plaintiff's membership in a criminal gang, his propensity for violent criminal activity, and his history of drug use.

Defendants object to Opinion 6 regarding the need for attendant care for the reasons set forth throughout this brief.  Dr. Kawai opined that a patient with incomplete paraplegia would typically require one eight-hour shift of Personal Care

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4862-1561-9466 v1

3

2:21-cv-09915-FWS-AS
DEFENDANTS' RESPONSE TO PLAINTIFF'S
PROFFER OF EXPERT WITNESS OPINIONS

1  Assistance per day, while a patient with complete paraplegia would typically require
2  five eight-hour shifts per day of Personal Care Assistance.
3    With respect to Opinions 7 and 8, which relate to the items and costs of the
4  life care plan, Defendants object to testimony on the Personal Care Assistant
5  services category.  Otherwise, Defendants do not object.
6    With respect to Opinion 9, which is a summary of Plaintiff's medical care to
7  date, Defendants object as this opinion is not contained in Plaintiff's expert witness
8  report.  Furthermore, Plaintiff produced additional medical records regarding
9  Plaintiff's recent medical treatment following the close of both fact discovery and
10 expert discovery.
11   With respect to Opinion 10, which relates to Plaintiff's contention as to what
12 would occur if the requested medical care is not received, Defendants object to this
13 opinion as it was not contained in Dr. Kawai's Rule 26 expert report.
14   With respect to Opinion 11, which relates to Dr. Kawai's attempt to offer
15 detailed testimony regarding the specifics of spinal injuries, Defendants object to
16 these opinions, as the opinions were not contained in Dr. Kawai's Rule 26 expert
17 report.
18   With respect to Opinion 12, Defendants have no objection to testimony
19 regarding Dr. Kawai's methodology.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4862-1561-9466 v1

4

2:21-cv-09915-FWS-AS
DEFENDANTS' RESPONSE TO PLAINTIFF'S
PROFFER OF EXPERT WITNESS OPINIONS

### B. Response To Proffered Opinions Of Ms. Inouye

Defendants continue to assert that Ms. Inouye should be precluded from offering any opinions regarding the present value of Personal Care Assistant services, because her opinion is solely reliant upon the accuracy of Dr. Kawai's opinion, and Dr. Kawai's opinion was based on a significant mistake of fact.

DATED: October 24, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*
    Charles E. Slyngstad
    Nathan A. Oyster
    Brian S. Ginter

Attorneys for Defendants
CITY OF LOS ANGELES, ALEJANDRO HIGAREDA, and JUAN AGUILA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4862-1561-9466 v1

5

2:21-cv-09915-FWS-AS
DEFENDANTS' RESPONSE TO PLAINTIFF'S PROFFER OF EXPERT WITNESS OPINIONS