_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER RE: MOTIONS *IN LIMINE* [41] [42] [43] [44] [45] [46] [51] [52] [53] [54] [55] [56]**

  Before the court are the parties' Motions *in Limine*. (Dkts. 41-46, 51-56.) The Motions are fully briefed. (Dkts. 62-74, 86-89.) The court held oral argument on these matters at the October 19, 2023, Final Pretrial Conference. (Dkt. 85.) During the October 19, 2023, Final Pretrial Conference, Plaintiff indicated he would no longer be pursuing any claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978) and would no longer seek punitive damages.[1] (*Id.*) Based on the state of the record, as applied to the applicable law, the Motions are **GRANTED IN PART AND DENIED IN PART**. The court's rulings are set forth in further detail below.

_____

[1] Plaintiff previously abandoned his claims for unreasonable search and seizure and false arrest and/or false imprisonment, as well as his claims against Defendant Aguila. (*See* Dkt. 50.) Accordingly, Plaintiff's remaining claims are for excessive force under 42 U.S.C. § 1983, denial of medical care under 42 U.S.C. § 1983, battery by a peace officer, negligent use of deadly force, and violation of the Bane Act against Defendant City of Los Angeles and Defendant Higareda. The court observes that although Plaintiff indicated he would file a stipulation regarding his withdrawn *Monell* claims and request for punitive damages following the October 19, 2023, Final Pretrial Conference, the court has not received any such stipulation. (*See generally* Dkt.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS                                    Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

## I. Legal Standards

### A. Motions *in Limine*

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a vehicle by which a court may exclude inadmissible or prejudicial evidence before it is "actually offered." *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions *in limine* "avoid the futile attempt of unringing the bell when jurors have seen or heard inadmissible evidence, even when stricken from the record"; "streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial"; and "permit more thorough briefing and argument on evidentiary issues than would be likely during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (cleaned up). However, "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015); *see also Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *3 (C.D. Cal. Mar. 7, 2011) ("A motion in limine is not a proper vehicle by which to seek summary judgment on all or a portion of a claim.").

"[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (cleaned up); *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("Motions *in limine* that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored."). "The 'failure to specify the evidence' that a motion *in limine* 'seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.'" *Lewis*, 493 F. Supp. 3d at 861 (alterations in original) (quoting *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015)).

A ruling on a motion *in limine* "is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (citations and internal quotation marks omitted). Because

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

"testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling," a "district court may change its ruling at trial." *Id.* (citations and internal quotation marks omitted); *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered.").

    B.    <u>Admissibility of Relevant Evidence</u>

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

    C.    <u>*Daubert* Standard</u>

Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise" if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The court's inquiry into the admissibility of expert testimony "is a flexible one." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). In this context, the court serves as "a gatekeeper, not a fact finder." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation omitted).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

The court's task is to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) ("*Daubert*"); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (expanding *Daubert* to "all expert testimony"). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry," and "it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654-55 (9th Cir. 2006) (cleaned up). The court "is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). That is, the court "is concerned not with the correctness of the expert's conclusions but the soundness of [their] methodology." *Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc) (cleaned up), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge," and the court "should not make credibility determinations that are reserved for the jury." *City of Pomona*, 750 F.3d at 1044. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* (quoting *Primiano*, 598 F.3d at 564).

In evaluating the reliability of scientific expert opinion testimony, the court "assess[es] the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *Id.* Factors the court may consider include "(1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant scientific community." *Sandoval-Mendoza,* 472 F.3d at 654-55 (quoting *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002) (summarizing *Daubert*, 509 U.S. at 592-94 (1993))). "*Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case" and "was meant to be helpful, not definitive." *Kumho Tire*, 526 U.S. at 141, 151. Accordingly, the court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

the particular circumstances of the particular case." *Primiano*, 598 F.3d at 564 (internal quotation marks omitted) (citing *Kumho Tire*, 526 U.S. at 150, 152).

"[E]xpert evidence is inadmissible where the analysis is the result of a faulty methodology or theory as opposed to imperfect execution of laboratory techniques whose theoretical foundation is sufficiently accepted in the scientific community to pass muster under Daubert." *Hardeman v. Monsanto Co.*, 997 F.3d 941, 962 (9th Cir. 2021) (quoting *City of Pomona*, 750 F.3d at 1047-48). However, "[i]mperfect application of methodology may not render expert testimony unreliable because 'a minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method' does not render expert testimony inadmissible." *Id.* (cleaned up).

"It is the proponent of the expert who has the burden of proving admissibility." *Lust By & Through Lust v. Merrell Dow Pharms.*, Inc., 89 F.3d 594, 598 (9th Cir. 1996). "Admissibility of the expert's proposed testimony must be established by a preponderance of the evidence." *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009) (citations omitted). "The party presenting the expert must demonstrate that the expert's findings are based on sound principles and that they are capable of independent validation. *Id.* (citation omitted.) Although "[d]istrict courts have a general gatekeeping duty to ensure that proffered expert testimony both rests on a reliable foundation and is relevant to the task at hand," "[t]his obligation does not, however, require the court to hold a separate *Daubert* hearing." *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) (citations and internal quotation marks omitted);

The Ninth Circuit has "consistently held that *Daubert* hearings are not required." *United States v. Holguin*, 51 F.4th 841, 852 (9th Cir. 2022) (citations and internal quotation marks omitted); *see also United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) (stating although "[d]istrict courts have a general gatekeeping duty to ensure that proffered expert testimony both rests on a reliable foundation and is relevant to the task at hand," "[t]his obligation does not, however, require the court to hold a separate *Daubert* hearing.") (citations and internal quotation marks omitted). "Some cases involve extensive *Daubert* hearings; others involve limited hearings, or no hearings at all." *United States v. Bacon*, 979 F.3d 766, 769 (9th Cir.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
|---|---|

Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

2020) (en banc). Ultimately, district courts have "broad latitude in determining the appropriate form of the inquiry." *Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc) (citation omitted), *overruled on other grounds by Bacon*, 979 F.3d at 766.

## II.   Discussion[2]

Having considered the parties' arguments in their papers and at oral argument during the Final Pretrial Conference, applicable law, and overall record in this matter, the court rules on the parties' motions as follows:

| **Party's Motion *in Limine*** | **Court's Ruling** |
|---|---|
| Defendants' Motion *in Limine* No. 1 (Dkt. 41) | **GRANTED IN PART AND DENIED IN PART**. Defendants seek to exclude evidence related to uses of force by LAPD officers in unrelated incidents, including any alleged prior force used by the individual Defendants. (Dkt. 41.) Defendants argue any evidence of Defendant Higareda's prior use of force is inadmissible character evidence that should be excluded under Federal Rule of Evidence 404(b). (*Id.*) Plaintiff contends evidence of unrelated incidents is relevant to his *Monell* claims, and Plaintiff would only inquire into unrelated uses of force on rebuttal or as impeachment evidence if the door is opened by Defendants. (Dkt. 68.) <br><br> The court concludes evidence of other incidents is not relevant to Plaintiff's *Monell* claims because Plaintiff withdrew these claims at the October 19, 2023, Final Pretrial Conference. (Dkt. 85.) However, as to evidence of Defendant Higareda's prior uses of force, any such evidence may only be inquired into on |

---

[2] The court's rulings on motions *in limine* may be subject to change depending on the evidence presented at trial. *See Ohler*, 529 U.S. at 758 n.3.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS							Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

|  |  |
|---|---|
|  | rebuttal or as impeachment if Defendants open the door.  *See United States v. Green*, 648 F.2d 587, 596 n.12 (9th Cir. 1981) ("Reference to specific instances of conduct for the purpose of attacking credibility may be developed on cross-examination if probative of a witness's character for truthfulness, and their probative value outweighs their prejudicial effect."); *United States v. Green*, 648 F.2d 587, 596 n.12 (9th Cir. 1981) ("If [a party] believed that it had elicited an untruthful remark, its remedy . . . was to impeach the witness through cross-examination.").  Accordingly, the Motion is **GRANTED IN PART AND DENIED IN PART** such that specific instances of Defendant Higareda's prior uses of force may be inquired into only on rebuttal or impeachment if Defendants open the door. |
| Defendants' Motion *in Limine* No. 2 (Dkt. 43) | **GRANTED**.  Defendants seek to exclude evidence that Defendant City of Los Angeles may pay for some or all of any adverse judgment against Defendant Higareda.  (Dkt. 43.)  Plaintiff opposes on the grounds that a vicarious liability instruction regarding the party responsible for paying punitive damages is necessary, and, as such, the jury should be instructed as to Defendant City of Los Angeles's liability.  (Dkt. 69.)<br><br>The court concludes evidence of whether Defendant City of Los Angeles has an obligation to indemnify Defendant Higareda is not relevant to the question of liability or compensatory damages.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402; *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) ("It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction.").  Accordingly, the Motion is **GRANTED**. |

---

**CIVIL MINUTES – GENERAL**							7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS                              Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

| | |
|---|---|
| Defendants' Motion *in Limine* No. 3 (Dkt. 44) | **DENIED**. Defendants seek to preclude Plaintiffs' non-retained, treating physicians from offering opinions that were not formed during the course of treatment. (Dkt. 44.) Plaintiff argues the scope of the Motion is unclear because Defendants do not identify which treating physicians' opinions are at issue. (Dkt. 70.)<br><br>The court agrees that Defendants do not sufficiently identify which treating physicians' opinions are at issue. For example, Defendants broadly argue that the court should "preclude Plaintiff's treating physicians from offering any opinions that were not formed during the course of Plaintiff's treatment." (Dkt. 44 at 5.) The court concludes that Defendants do not sufficiently demonstrate that any such opinions should be excluded entirely at this time rather than being subject to objections at trial and thus the Motion is **DENIED WITHOUT PREJUDICE**. *See Lewis*, 493 F. Supp. 3d at 861; *Jackson*, 194 F. Supp. 3d at 1008. |
| Defendants' Motion *in Limine* No. 4 (Dkt. 42) | **DENIED**. Defendants seek to preclude portions of the testimony of Plaintiff's expert, Dr. Sharon Kawai, on the ground that Dr. Kawai's opinion is based on the incorrect assumption that Plaintiff has complete paraplegia. (Dkt. 42.) Specifically, Defendants argue the court should exclude: (1) the portion of Dr. Kawai's testimony regarding in-home aid based on her mistaken belief that Plaintiff is a complete paraplegic; and (2) the portion of Dr. Kawai's testimony that is based on Plaintiff's recitation of his medical diagnoses. (*Id*. at 4-6.) Plaintiff argues Dr. Kawai's opinions regarding his in-home aid and diagnoses are based on a Zoom examination of Plaintiff, review of Plaintiff's medical records, and review of photographs of |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS    Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

|  |  |
|---|---|
|  | Plaintiff, and there is no dispute that Dr. Kawai is a qualified expert. (Dkt. 71.) <br><br> During the October 19, 2023, Final Pretrial Conference, the court ordered the parties to file a proffer of Dr. Kawai's testimony by October 23, 2023, and any opposition by October 24, 2023. (Dkt. 85.) The court also set a *Daubert* hearing for October 30, 2023, at 10:00 a.m. (*Id.*) <br><br> Having reviewed the parties' moving papers, supplemental proffer, and objections to the proffer, the court concludes Defendants' Motion challenges the weight that should be afforded to Dr. Kawai's testimony rather than its reliability or relevance. *See City of Pomona*, 750 F.3d at 1044 ("Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge," and the court "should not make credibility determinations that are reserved for the jury."); *id.* (quoting *Primiano*, 598 F.3d at 564) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."). Accordingly, the court **DENIES** the Motion and **VACATES** the *Daubert* hearing set for October 30, 2023, at 10:00 a.m. |
| Defendants' Motion *in Limine* No. 5 (Dkt. 46) | **DENIED**. Defendants seek to preclude portions of the testimony of Plaintiff's expert, Marianne Inouye, on the ground that Ms. Inouye's calculations regarding the cost of Plaintiff's in-home aid are based on the incorrect assumption that Plaintiff has complete paraplegia. (Dkt. 46.) Plaintiff opposes on the ground that Defendants do not contest that Ms. Inouye is a qualified expert and simply disagree with how much in-home assistance Plaintiff requires. (Dkt. 72.) |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
|---|---|

Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

| | |
|---|---|
| | During the October 19, 2023, Final Pretrial Conference, the court ordered the parties to file a proffer of Ms. Inouye's testimony by October 23, 2023, and any opposition by October 24, 2023. (Dkt. 85.)<br><br>Having reviewed the parties' moving papers, supplemental proffer, and objections to the proffer, the court concludes Defendants' Motion challenges the weight that should be afforded to Ms. Inouye's testimony rather than its reliability or relevance. *See City of Pomona*, 750 F.3d at 1044 ("Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge," and the court "should not make credibility determinations that are reserved for the jury."); *id.* (quoting *Primiano*, 598 F.3d at 564) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."). Accordingly, the court **DENIES** the Motion. |
| Defendants' Motion to Bifurcate (Dkt. 45) | **GRANTED IN PART AND DENIED IN PART**. Defendants seek to bifurcate the trial into two phases such that the first phase would address: (1) Section 1983 liability against the individual Defendants; (b) liability on state law claims; and (c) whether Plaintiff is entitled to punitive damages against an individual Defendant, and the second phase would address: (a) the amount of compensatory damages; (b) the amount of punitive damages (if any), and (c) *Monell* liability against Defendant City of Los Angeles. (Dkt. 45.) Plaintiff argues liability and compensatory damages should be tried in the same phase. (Dkt. 73.)<br><br>Federal Rule of Civil Procedure 42(b) authorizes the court to order a separate trial of claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. |

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS                              Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

|  |  |
|---|---|
|  | 42(b).  Pursuant to this Rule, the court may bifurcate a trial "to avoid[] a difficult question by first dealing with an easier, dispositive issue," or to avoid risk of prejudice.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).  In addition, "Rule 42(b) gives courts the authority to separate trials into liability and damages phases." *DeAnda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993).  The moving party bears the burden of showing bifurcation is appropriate.  *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009). <br><br> The court notes that Plaintiff is no longer pursuing his *Monell* claims or punitive damages.  (Dkts. 50, 85.)  The court finds bifurcation would avoid potential confusion of issues for the jurors and prevent prejudice to both parties by limiting the scope of evidence in the first phase to liability.  Accordingly, the court **GRANTS IN PART AND DENIES IN PART** the Motion such that the trial will be bifurcated into two phases: (1) liability for Plaintiff's individual claims and (2) compensatory damages. |
| Plaintiff's Motion *in Limine* No. 1 (Dkt. 51) | **GRANTED IN PART AND DENIED IN PART**.  Plaintiff seeks to exclude any information unknown to Defendant Higareda at the time of his use of deadly force, such as information about gang history, information as to whether anyone suffered collateral harm from the incident, and after-acquired reports, interviews, and statements.  (Dkt. 51.)  Defendants do not oppose the exclusion of evidence outside of Defendant Higareda's knowledge at the time of the incident.  (Dkt. 62.)  However, Defendants argue the following evidence should be admitted: (1) drugs and drug paraphernalia found on Plaintiff's person; (2) DNA evidence showing Plaintiff's DNA was found on a gun; (3) evidence collection, firearm collection, and property reports showing where evidence was found; (4) a test fire report showing the gun found on the scene was |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS                      Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

| | |
|---|---|
| | operational; and (5) a narcotics lab report showing that a pipe and bag found at the scene tested positive for methamphetamine. (*Id.*) <br><br> The court concludes that information unknown to Defendant Higareda at the time of the incident is not relevant and thus **GRANTS** the Motion as to any such unknown information. *See Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) ("We cannot consider evidence of which the officers were unaware— the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). <br><br> However, as to the five categories of evidence listed above, given that the evidence allegedly corroborates Defendant Higareda's opinion that Plaintiff was under the influence at the time of the incident, the court **DENIES** the Motion. In addition, the court finds the probative value of this evidence is not substantially outweighed by any prejudice to Plaintiff. *See* Fed. R. Evid. 403; *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) ("In a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible."); *Turner v. Cnty. of Kern*, 2014 WL 560834, at *3 (E.D. Cal. Feb. 13, 2014) (holding that evidence of drug and alcohol use was "relevant only to explain [plaintiff's] conduct and to corroborate the officers' version of events; the evidence is not relevant to the excessive force totality of the circumstances inquiry"). |
| Plaintiff's Motion *in Limine* No. 2 (Dkt. 52) | **DENIED.** Plaintiff seeks to exclude evidence of any drug or alcohol use or possession by Plaintiff at any time, including on |

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

| | |
|---|---|
| | the date of the incident and prior to the incident. (Dkt. 52.) Defendants oppose the motion on the grounds that drug use on the day of the incident tends to corroborate Defendants' version of events, and prior drug use is relevant to calculating Plaintiff's damages. (Dkt. 63.) <br><br> The court concludes evidence regarding Plaintiff's potential intoxication at the time of the incident is relevant to corroborating Defendants' version of events—in other words, that Plaintiff was acting erratically. *See Boyd*, 576 F.3d at 944; *Turner*, 2014 WL 560834, at *3. The court further concludes Plaintiff's prior use of drugs or alcohol is relevant to determining Plaintiff's economic damages during the second phase of trial. In addition, the court finds the probative value of this evidence is not substantially outweighed by any prejudice to Plaintiff. *See, e.g., Allen v. Toledo,* 109 Cal. App. 3d 415, 424, (1980) ("The life expectancy of the deceased is a question of fact for the jury to decide . . . considering all relevant factors including the deceased's health, lifestyle and occupation."); *Morris v. Long*, 2012 WL 1498889, at *7 (E.D. Cal. Apr. 27, 2012) ("Because evidence of drug and alcohol use is relevant and probative on the issue of future damages, and because such damages are central to Plaintiff's claim, the Court finds the prejudicial effect of Plaintiff's drug and alcohol use does not substantially outweigh their probative value."). Therefore, the Motion is **DENIED**. |
| Plaintiff's Motion *in Limine* No. 3 (Dkt. 53) | **DENIED**. Plaintiff seeks to exclude evidence of other crimes, wrongs, or acts, including: a) Plaintiff's criminal history; b) any prior contacts with law enforcement; c) gang affiliation information including gang monikers and contact with gang members; d) tattoos and the meaning of tattoos; e) prior arrests; f) prior convictions; g) any charges filed not resulting in |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

| | |
|---|---|
| | conviction; h) prior investigations and interviews by law enforcement including by Defendant Higareda; and i) gang neighborhood including any unrelated crime including homicide in the area. (Dkt. 53.) Defendants oppose the motion on the ground that Defendant Higareda had prior law enforcement contact with Plaintiff and knew Plaintiff's criminal history, gang affiliation, and information about the neighborhood at the time that the incident occurred. (Dkt. 64.)<br><br>Per Ninth Circuit precedent, information that was unknown to the officers at the time of the incident is not relevant. *See Villegas*, 823 F.3d at 1255 (citing *Graham*, 490 U.S. at 396). However, information about an individual's criminal history that is already known to officers may be relevant in assessing the officers' alleged use of force. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (finding no error where "[t]he district court permitted the police officers to testify in a limited manner about their prior contacts with [plaintiff]" because "[t]his testimony was relevant to establish the facts and circumstances known to the officers during their confrontation with [plaintiff]"). Therefore, the Motion is **DENIED**, but with the limitation that Defendant Higareda may only testify as to information that he already knew about Plaintiff from prior law enforcement contact. |
| Plaintiff's Motion *in Limine* No. 4 (Dkt. 54) | **GRANTED IN PART AND DENIED IN PART**. Plaintiff seeks to exclude gun evidence unknown to Defendant Higareda at the time of the incident, such as the type of gun recovered from the scene, how the gun came into Plaintiff's possession, and whether it was a ghost gun. (Dkt. 54.) Defendants argue evidence about whether the gun and Plaintiff's possession were legal, whether Plaintiff knew how to use a gun, and whether the |

___

**CIVIL MINUTES – GENERAL** 14

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
|---|---|

Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

| | |
|---|---|
| | gun was semi-automatic are relevant to Defendant Higareda's use of force. (Dkt. 65.) <br><br> Defendants argue Defendant Higareda knew that Plaintiff was not permitted to own a firearm, such that Plaintiff's possession of any firearm would have been illegal. (Dkt. 65 at 2-3.) However, Defendants do not sufficiently demonstrate how Defendant Higareda would have known any further information about the gun found at the scene of the incident, such as the origin of the gun, how it came into Plaintiff's possession, and whether it was a ghost gun. (*See generally* Dkt. 65.) Accordingly, the Motion is **GRANTED IN PART AND DENIED IN PART**, such that only information that Defendant Higareda already knew about Plaintiff at the time of the incident may be introduced. |
| Plaintiff's Motion *in Limine* No. 5 (Dkt. 55) | **GRANTED**. Plaintiff seeks to exclude evidence of any post-incident findings by the Los Angeles District Attorney's Office, Los Angeles Police Department, Chief of Police, Use of Force Review Board, or the Board of Police Commissions on the ground any such findings are irrelevant hindsight evidence. (Dkt. 55.) Defendants argue findings by the Los Angeles District Attorney's Office and Los Angeles Police Department demonstrate that Defendant Higareda acted within policy and are relevant to Plaintiff's *Monell* and negligence claims. (Dkt. 66.) <br><br> The court concludes Defendants do not sufficiently demonstrate why findings by the Los Angeles District Attorney's Office, Los Angeles Police Department, Chief of Police, Use of Force Review Board, or the Board of Police Commissions would be relevant to Plaintiff's remaining claims. Accordingly, the court **GRANTS** the Motion. |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS  Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

| | |
|---|---|
| Plaintiff's Motion *in Limine* No. 6 (Dkt. 56) | **GRANTED IN PART AND DENIED IN PART**. Plaintiff seeks to preclude portions of the testimony of Defendants' police practices expert, Mr. Edward T. Flosi on the grounds that: (1) Mr. Flosi offers legal conclusions and ultimate issue opinions regarding probable cause, reasonable suspicion, penal code violations, and vehicle code violations; (2) Mr. Flosi offers opinions about perception and reaction times that are outside of his expertise; (3) Mr. Flosi offers opinions about when deadly force may be used against a fleeing felon that is not helpful to the jury, lack an adequate foundation, and are not based on reliable principles or methods; and (4) Mr. Flosi's opinion numbered 1, 2, and 5-9 are irrelevant. (Dkt. 56.) Defendants oppose the motion as to Mr. Flosi's opinions numbered 1-4 but state they do not intend to elicit opinions numbered 5-9 from Mr. Flosi. (Dkt. 67.)<br><br>During the October 19, 2023, Final Pretrial Conference, the court ordered the parties to file a proffer of Mr. Flosi's testimony by October 23, 2023, and any opposition by October 24, 2023. (Dkt. 85.)<br><br>Having reviewed the parties' moving papers, supplemental proffer, and objections to the proffer, the court concludes as follows[3]:<br><br>(1) **Mr. Flosi's opinion no. 1**—that the officer Defendants had reasonable suspicion to contact and detain Plaintiff and that the officers' actions were consistent with law enforcement training and practices—contains an |

___

[3] The court's references to Mr. Flosi's opinions follow the numbering set in Mr. Flosi's July 27, 2023, report. (Dkt. 86-1.)

___

**CIVIL MINUTES – GENERAL**  16

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09915-FWS-AS | Date: October 26, 2023 |
| Title: Nathan Rocky Glover v. City of Los Angeles *et al.* | |

|  |  |
|---|---|
| | impermissible legal conclusion. <u>Mr. Flosi may not testify as to whether the officer Defendants had reasonable suspicion or whether Plaintiff was violating the Penal Code or Vehicle Code.</u><br>(2) **Mr. Flosi's opinion no. 2**—that the officer Defendants had probable cause to arrest Plaintiff and that the officers' actions were consistent with law enforcement training and practices—contains an impermissible legal conclusion. <u>Mr. Flosi may not testify as to whether the officer Defendants had reasonable suspicion or whether Plaintiff was violating the Penal Code or Vehicle Code.</u><br>(3) **Mr. Flosi's opinion no. 3**—that Defendant Higareda's use of deadly force was appropriate and consistent with law enforcement practices based on the totality of the circumstances under *Graham v. Connor*—contains an impermissible legal conclusion. <u>Mr. Flosi may not testify as to whether Defendant Higareda's use of force was objectively reasonable under *Graham v. Connor* or permitted under the Fourth Amendment.</u><br>(4) **Mr. Flosi's opinion no. 4**—that the officer Defendants timely requested medical assistance—contains an impermissible legal conclusion. <u>Mr. Flosi may testify as to the timeline of when the officer Defendants requested medical assistance but may not testify as to whether their actions were "timely."</u><br>(5) Mr. Flosi's opinion regarding law enforcement officers' delayed reaction times may be addressed on cross-examination. (*See* Dkt. 88 at 3 ("Plaintiff believes his objections regarding this opinion can be handled on cross-examination.")).<br>(6) Mr. Flosi's rebuttal opinions in response to Plaintiff's expert, Roger Clark, may be addressed on cross- |

**CIVIL MINUTES – GENERAL**     17

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09915-FWS-AS                                   Date: October 26, 2023
Title: Nathan Rocky Glover v. City of Los Angeles *et al.*

|  |  |
|---|---|
|  | examination. (*See* Dkt. 88 at 4 (Plaintiff does not object to Mr. Flosi's rebuttal opinions)). |
|  | The Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)); *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (stating that although "[a]s a general rule, testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," "[t]hat said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (citations and internal quotation marks omitted.) |
|  | Accordingly, the court **GRANTS IN PART AND DENIES IN PART** the Motion. |

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

_____